IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

DONALD E. MORRIS,

      Plaintiff,

v.                              CASE NO. 2:08-cv-00992

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Claimant's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. This case was referred to this United States Magistrate Judge by standing order to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff, Donald Morris (hereinafter referred to as "Claimant"), filed an application for SSI on April 13, 2004, alleging disability as of July 1, 2001, due to a mental impairment and a back injury. (Tr. at 58, 71.) The claim was denied initially and upon reconsideration. (Tr. at 22-26, 31-33.) On January 24, 2005, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 34.) The hearing was held on May 4, 2006, before the Honorable Theodore J. Burock. (Tr.

at 174-96.)  By decision dated June 8, 2006, the ALJ determined that Claimant was not entitled to benefits.  (Tr. at 12-19.)  The ALJ's decision became the final decision of the Commissioner on June 23, 2008, when the Appeals Council denied Claimant's request for review.  (Tr. at 3-5.)  On August 13, 2008, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(I), a claimant for disability benefits has the burden of proving a disability.  See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972).  A disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 1382c(a)(3)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims.  20 C.F.R. § 416.920 (2006).  If an individual is found "not disabled" at any step, further inquiry is unnecessary.  Id. § 416.920(a).  The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment.  Id. § 416.920(b).  If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment.  Id. § 416.920(c).  If a severe impairment is present, the third inquiry is whether such impairment

2

meets or equals any of the impairments listed in Appendix 1 to
Subpart P of the Administrative Regulations No. 4. _Id._ §
416.920(d). If it does, the claimant is found disabled and awarded
benefits. _Id._ If it does not, the fourth inquiry is whether the
claimant's impairments prevent the performance of past relevant
work. _Id._ § 416.920(e). By satisfying inquiry four, the claimant
establishes a _prima facie_ case of disability. _Hall v. Harris_, 658
F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the
Commissioner, _McLain v. Schweiker_, 715 F.2d 866, 868-69 (4th Cir.
1983), and leads to the fifth and final inquiry: whether the
claimant is able to perform other forms of substantial gainful
activity, considering claimant's remaining physical and mental
capacities and claimant's age, education and prior work experience.
20 C.F.R. § 416.920(f) (2006). The Commissioner must show two
things: (1) that the claimant, considering claimant's age,
education, work experience, skills and physical shortcomings, has
the capacity to perform an alternative job, and (2) that this
specific job exists in the national economy. _McLamore v.
Weinberger_, 538 F.2d 572, 574 (4th Cir. 1976).

      In this particular case, the ALJ determined that Claimant
satisfied the first inquiry because he has not engaged in
substantial gainful activity since the alleged onset date. (Tr. at
14.) Under the second inquiry, the ALJ found that Claimant suffers
from the severe impairment of mild mental retardation. (Tr. at

14.)   At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1.  (Tr. at 16.)   The ALJ then found that Claimant has a residual functional capacity for all exertional levels of work, reduced by a need for jobs involving routine, repetitive tasks.  (Tr. at 17.)   Claimant has no past relevant work.  (Tr. at 18.)   The ALJ concluded that Claimant could perform jobs such as cleaner, night cleaner and car wash attendant, which exist in significant numbers in the national economy.  (Tr. at 19.) On this basis, benefits were denied.  (Tr. at 19.)

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence.   In <u>Blalock v. Richardson</u>, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

<u>Blalock v. Richardson</u>, 483 F.2d 773, 776 (4th Cir. 1972) (quoting <u>Laws v. Cellebreze</u>, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence.   <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990).   Nevertheless, the courts "must not

4

abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

Claimant's Background

Claimant was forty-two years old at the time of the administrative hearing. (Tr. at 174.) Claimant graduated from high school, was enrolled in special education and was held back in the sixth grade. (Tr. at 181, 191-92.) Claimant has no relevant past work experience.

The Medical Record

The court has reviewed all evidence of record, including the medical evidence of record, and will summarize it briefly below.

The record includes Claimant's school records. In high school, Claimant earned As, Bs, Cs and Ds. Claimant earned Fs in physical education. Claimant ranked 194 in a class of 265. (Tr. at 108.)

On June 20, 2004, Timothy Saar, Ph.D. examined Claimant at the request of the State disability determination service. Claimant had never received inpatient or outpatient psychiatric or psychological treatment. (Tr. at 115.) On the WAIS-III, Claimant attained a verbal IQ score of 74, a performance IQ score of 70 and

a full scale IQ score of 70.  The results were valid.  (Tr. at 116-17.)  On the WRAT-3, Claimant's reading score was equivalent to a seventh grade level, his spelling score was equivalent to a fourth grade level and his arithmetic score was equivalent to a second grade level.  (Tr. at 117.)  Dr. Saar deferred an Axis I diagnosis and diagnosed mild retardation on Axis II.  (Tr. at 118.)  Dr. Saar opined that onset occurred before age 18 and that there are concurrent impairments in functional academic skills and work. (Tr. at 119.)

On July 8, 2004, Stephen Nutter, M.D. examined Claimant at the request of the State disability determination service.  Claimant reported back pain after injuring his back in a bicycle accident as a child.  (Tr. at 121.)  Dr. Nutter diagnosed chronic lumbosacral strain without evidence of radiculopathy and arthralgia with possible degenerative arthritis.  (Tr. at 125.)  Straight leg raising was negative for radiculopathy.  There were range of motion abnormalities of the lumbar spine.  Deep tendon reflexes were brisk and the sensory and motor modalities were well preserved.  There was no evidence of weakness or nerve root compression.  There was no evidence of upper motor neuron lesion.  Grip strength and fine manipulation were well preserved bilaterally.  Regarding joint pain, Claimant had some pain and tenderness in the right knee and both shoulders.  He had crepitus in the shoulders.  There was no evidence of rheumatoid arthritis.  (Tr. at 125.)

On July 31, 2004, a State agency medical source completed a Mental Residual Functional Capacity Assessment and opined that because of Claimant's mild mental retardation, Claimant had a moderately limited ability to understand, remember and carry out detailed instructions, maintain attention and concentration for extended periods, interact appropriately with the general public, travel in unfamiliar places and set realistic goals or make plans independently of others.  The source opined that Claimant could perform "1(+) tasks in [a] work-like setting."  (Tr. at 138-40.) This opinion was affirmed by a second State agency source on December 2, 2004.  (Tr. at 140.)

On July 31, 2004, a State agency medical source completed a Psychiatric Review Technique form and opined that Claimant's mild mental retardation result in mild restriction of activities of daily living, moderate difficulties in maintaining social functioning, moderate difficulties maintaining concentration, persistence and pace and no episodes of decompensation.  (Tr. at 159.)

On August 9, 2004, a State agency medical source completed a Physical Residual Functional Capacity Assessment and opined that Claimant had no exertional limitations.  (Tr. at 128-35.)  This opinion was affirmed by a second State agency medical source on November 19, 2004.  (Tr. at 135.)

On October 20, 2005, John R. Atkinson, Jr., M.A. examined

7

Claimant at the request of Claimant's counsel.  Claimant attained a verbal IQ score of 72, a performance IQ score of 70 and a full scale IQ score of 69.  On the WRAT, Claimant was reading on a sixth grade level and doing arithmetic on a 3.9 grade level.  (Tr. at 167.)  Dr. Saar noted that Claimant was depressed from time to time, but that it did not rise to the level of a diagnosable condition.  Dr. Saar made no Axis I diagnosis, diagnosed mild mental retardation and dependent and inadequate personality traits on Axis II.  He rated Claimant's GAF at 55.  (Tr. at 170.)

Mr. Atkinson completed a Mental Assessment of Ability to do Work-Related Activities (Mental) on October 20, 2005, on which he opined that Claimant had marked limitations in the ability to deal with work stresses, function independently, and understand, remember and carry out complex job instructions and slight to moderate limitations in most other areas.  (Tr. at 171-73.)

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because (1) the ALJ erred in his findings related to Claimant's physical and mental impairments; (2) the ALJ erred in rejecting the opinion of Mr. Atkinson; and (3) the ALJ erred in his assessment of Claimant's subjective complaints. (Pl.'s Br. at 3-14.)

The Commissioner asserts that (1) the ALJ correctly assessed Claimant's mental and physical functioning; (2) the ALJ properly

considered Claimant's subjective complaints; and (3) the ALJ did not err in rejecting the opinion of Mr. Atkinson. (Def.'s Br. at 9-21.)

Claimant first argues that the ALJ erred in failing to properly analyze Claimant's physical and mental limitations. Claimant asserts that he exhibited signs and symptoms consistent with Listing 12.05C. Claimant further asserts that the ALJ erred in finding that Claimant's mental impairments impose no more than a minimal effect on his ability to perform basic work activities. Claimant contends that the ALJ should have found Claimant's depression and anxiety to be severe impairments. Finally, Claimant argues that the ALJ erred in rejecting the opinion of Mr. Atkinson. (Pl.'s Br. at 5-10.)

The court proposes that the presiding District Judge find that the ALJ properly considered Claimant's mental and physical impairments, and his findings in that regard are supported by substantial evidence.

First, the court proposes that the presiding District Judge find that the ALJ did not err in failing to find that Claimant had severe anxiety or depression pursuant to 20 C.F.R. § 416.920a (2006). Though Mr. Atkinson, who examined Claimant at the request of his counsel, found that Claimant had depressive symptoms, he did not diagnose depression or anxiety and specifically indicated that Claimant's symptoms did not rise to the level of a diagnosis.

Moreover, the remaining substantial evidence of record from Dr. Saar and the State agency medical sources supports a finding that Claimant did not suffer a severe mental impairment in addition to mild mental retardation.

Regarding Listing 12.05C, the court proposes that the presiding District Judge find that substantial evidence supports the ALJ's finding that Claimant did not meet the Listing.

Listing 12.05C provides criteria for determining whether an individual is disabled by mental retardation or autism. "Mental retardation refers to a significantly subaverage general intellectual functioning with deficits in adaptive behavior initially manifested during the developmental period (before age 22)." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05 (2006). In order to meet the criteria of § 12.05C, Claimant must show "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function." Id. at § 12.05C.

The Fourth Circuit has held that a claimant's additional "severe" impairment qualifies as a significant work-related limitation for the purpose of listing § 12.05C. Luckey v. Bowen, 890 F.2d 666 (4th Cir. 1989). A "severe" impairment is one "which significantly limits [one's] ability to do basic work activities." 20 C.F.R. § 416.920(c)(2006). In Luckey, the Court ruled that

> the [Commissioner] has defined a severe impairment or
> combination of impairments as those which significantly

10

limit an individual's physical or mental ability to do basic work activities. The [Commissioner's] finding that Luckey suffers from a severe combination of impairments also establishes the second prong of § 12.05C.

Id. at 669.

In his decision, the ALJ found that Claimant had mild mental retardation, but that he did not meet Listing 12.05B, C or D. While Claimant met the IQ requirements of Listing 12.05C, he did not have a physical or other mental impairment imposing additional and significant work-related limitation of function. As noted above, Claimant's depression and anxiety were not severe. Furthermore, contrary to Claimant's assertions, his back pain was not severe. The ALJ relied on the opinion of Dr. Nutter, the State agency medical sources, and the fact that Claimant has received little to no treatment for his back condition and takes only over-the-counter medication for the condition. (Tr. at 15.)

The court further proposes that the presiding District Judge find that substantial evidence supports the ALJ's decision to reject the opinion of Mr. Atkinson.

Every medical opinion received by the ALJ must be considered in accordance with the factors set forth in 20 C.F.R. § 416.927(d) (2006). These factors include: (1) length of the treatment relationship and frequency of evaluation, (2) nature and extent of the treatment relationship, (3) supportability, (4) consistency (5) specialization, and (6) various other factors. Under § 416.927(d)(1), more weight is given to an examiner than to a non-

11

examiner.

In his decision, the ALJ explained that he rejected the opinion of Mr. Atkinson on the Assessment because it was not supported by the clinical findings or consistent with the record as a whole.  The ALJ explained that

> [t]here is no medical or other evidence that the claimant would be moderately limited in relating to coworkers, dealing with the public, or dealing with ordinary work stress.
> The attorney-referred examiner agreed that the claimant can understand, remember, and carry out simple work instructions, which would enable the claimant to do unskilled work.  Both psychological examiners [Dr. Saar and Mr. Atkinson] assessed the claimant's judgment as moderately impaired.  Unskilled work involves simple duties that require little or no judgment.  The claimant's daily activities show that he can make good simple decisions and function independently.

(Tr. at 17.)

The ALJ's reasons for rejecting the opinion of Mr. Atkinson are well reasoned, in keeping with the applicable regulation and supported by substantial evidence and the court proposes that the presiding District Judge so find.

Finally, Claimant argues that the ALJ erred in considering Claimant's subjective complaints of pain.  (Pl.'s Br. at 10.)

The court proposes that the presiding District Judge find that the ALJ's pain and credibility findings are consistent with the applicable regulation, case law and social security ruling ("SSR") and are supported by substantial evidence.  20 C.F.R. § 416.929(b) (2006); SSR 96-7p, 1996 WL 374186 (July 2, 1996); Craig v. Chater,

76 F.3d 585, 594 (4th Cir. 1996).  In his decision, the ALJ determined that Claimant had a medically determinable mental impairment that could cause the symptoms alleged.  (Tr. at 17.) The ALJ determined that Claimant's daily activities "show that he can make good simple decisions and function independently."  (Tr. at 17.)

Furthermore, at step two of the sequential analysis in determining whether Claimant had severe impairments, the ALJ considered Claimant's subjective complaints of pain related to his back condition, as is required by SSR 96-3p.  (Tr. at 15); SSR 96-3p, 1996 WL 362204, *34469-70 (July 2, 1996) (The Commissioner must consider Claimant's subjective complaints of pain and other symptoms at the second step of the sequential analysis once a medically determinable impairment is shown.)

For the reasons set forth above, it is hereby respectfully RECOMMENDED that the presiding District Judge AFFIRM the final decision of the Commissioner and DISMISS this matter from the court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and then three

days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Chief Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

_May 26, 2009_
        Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge

14